**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-cr-20188-RUIZ**

**UNITED STATES OF AMERICA**

**v.**

**BRANDON SARTOR,**

**Defendant.**
______________________________________/

**PLEA AGREEMENT**

The United States of America and BRANDON SARTOR (hereinafter referred to as the "defendant"), hereby enter into the following agreement:

1. The defendant agrees to plead guilty to Counts 1 and 2 of the Indictment, which charge the defendant with Sex Trafficking by Force, Fraud, or Coercion, in violation of Title 18, United States Code, Section 1591(a)(1) and (b)(1).

2. The United States agrees to seek dismissal of the remaining counts of the Indictment after sentencing.

3. The defendant is aware that the sentence will be imposed by the Court after considering the Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines" or "USSG"). The defendant acknowledges and understands that the Court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the Court relying in part on the results of a Pre-Sentence Investigation by the Court's probation office, which investigation will commence after the guilty plea has been entered. The defendant is also aware that, under certain circumstances, the Court may depart from

the advisory sentencing guideline range that it has computed and may raise or lower that advisory sentence under the Sentencing Guidelines. The defendant is further aware and understands that the Court is required to consider the advisory guideline range determined under the Sentencing Guidelines but is not bound to impose that sentence; the Court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory sentence. Knowing these facts, the defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offenses identified in paragraph 1 and that the defendant may not withdraw the plea solely as a result of the sentence imposed.

4 ~~3.~~ The defendant understands and acknowledges that upon his convictions on Counts 1 and 2 of the Indictment, the Court must impose a statutory mandatory minimum term of fifteen (15) years' imprisonment as to each count and may impose a maximum term of life imprisonment as to each count; to be followed by a term of supervised release of at least five (5) years and up to life as to each count. In addition to a term of imprisonment and supervised release, the Court must impose mandatory restitution under Title 18, United States Code, Section 1593 and may impose a fine of up to the greatest of $250,000 or twice the gross loss or twice the gross gain caused by the offense.

5 ~~4.~~ The defendant further understands and acknowledges that, in addition to any sentence imposed under paragraph 4 of this agreement, a special assessment in the amount of $200 will be imposed on the defendant; which shall be paid at the time of sentencing. Further, pursuant to Title 18, United States Code, Section 3014(a)(1), the defendant is required to pay an additional special assessment in the amount of $5,000; which shall be paid at the time of sentencing. If the

defendant is indigent, or otherwise financially unable to pay this special assessment amount, the defendant agrees to present evidence to this Office and the Court at the time of sentencing as to the reason for the defendant's failure to pay.

6 ~~5~~. The United States reserves the right to inform the Court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the defendant and the defendant's background. Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, the United States further reserves the right to make any recommendation as to the quality and quantity of punishment.

7 ~~6~~. The United States agrees that it will recommend at sentencing that the Court reduce by two (2) levels the sentencing guideline level applicable to the defendant's offense, pursuant to Section 3E1.1(a) of the Sentencing Guidelines, based upon the defendant's recognition and affirmative and timely acceptance of personal responsibility. If at the time of sentencing the defendant's offense level is determined to be 16 or greater, this Office will make a motion requesting an additional one (1) level decrease pursuant to Section 3E1.1(b) of the Sentencing Guidelines, stating that the defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently. The United States further agrees to recommend that the defendant be sentenced within his advisory guideline range of imprisonment, as that range is determined by the Court. The United States, however, will not be required to make the aforementioned recommendations and motion if the defendant: (1) fails or refuses to make a full,

accurate and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct; (2) is found to have misrepresented facts to the government prior to entering into this plea agreement; or (3) commits any misconduct after entering into this plea agreement, including but not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official.

~~7~~ 8. The United States and the defendant agree that, although not binding on the probation office or the Court, they will jointly recommend that the Court make the following findings and conclusions as to the sentence to be imposed:

a. Applicable Guidelines: The offense guideline for Counts 1 and 2 of the Indictment is USSG § 2G1.1.

b. Base Offense Level: Pursuant to USSG § 2G1.1(a)(1), the defendant's base offense level for each count should 34, because the defendant shall be convicted of an offense in violation of Title 18, United States Code, Section 1591 (a)(1) and (b)(1).

c. Chapter 3, Part A, Victim Related Adjustments: Pursuant to USSG § 3A1.1(b), the defendant's offense level for each count should be increased by 2 levels, because the defendant knew or should have known that the victim of the offense was a vulnerable victim.

d. Chapter 3, Part B, Role in the Offense: Pursuant to USSG § 3B1.1(c), the defendant's offense level for each count should be increased by 2 levels, because the defendant was a leader, organizer, manager, or supervisor in criminal activity other than described in USSG § 3B1.1(a) and (b).

e. Chapter 3, Part D, Multiple Counts: Pursuant to USSG § 2G1.1(d) and Application Note 5, Counts 1 and 2 shall not be grouped together under USSG § 3D1.2; each count shall be a separate group.

f. Concurrent Terms of Imprisonment: The defendant's terms of imprisonment for Counts 1 and 2 should run concurrently with one another.

g. State Court Sentence: The defendant's terms of imprisonment for Counts 1 and 2 should run concurrently, but not coterminously, with his terms of imprisonment imposed in *State of Florida v. Brandon Antonio Sartor*, Circuit Court of the Eleventh Judicial District in and for Miami-Dade County Case No. F25007938B.

9 ~~8~~. The defendant agrees, in an individual and any other capacity, to forfeit to the United States, voluntarily and immediately, his interest in (1) any property, real or personal that was involved in, used, or intended to be used to commit or to facilitate the commission of the violation of Title 18, United States Code, Section 1591, charged in Counts 1 and 2 of the Indictment, to which the defendant is pleading guilty, and any property traceable to such property; and (2) any property, real or personal, constituting or derived from, any proceeds obtained, directly or indirectly, as a result of the offenses in Counts 1 and 2, pursuant to Title 18, United States Code, Section 1594(d).

10 ~~9~~. The defendant also agrees to assist the United States in all proceedings, whether administrative or judicial, involving the forfeiture to the United States of directly forfeitable or substitute assets. This assistance shall include: disclosing within 14 calendar days in a Financial Disclosure Statement provided by this Office the existence, nature and location of all assets in which the defendant has or had any direct or indirect financial interest or control, any assets involved in the offenses of conviction, and those held by a spouse, nominee, or other third party; taking all steps necessary to locate assets, wherever located; agreeing to the entry of an order enjoining the transfer or encumbrance of assets; transferring assets to the United States by delivery to this Office any necessary and appropriate documentation to deliver good and marketable title to assets; liquidating assets, or completing any task which will result in a payment towards the forfeiture money judgment; and not contesting or impeding in any way with any criminal, civil or administrative forfeiture proceeding concerning the forfeiture.

11 ~~10~~. The defendant agrees that forfeiture is independent of any assessment, fine, cost, restitution, or penalty that may be imposed by the Court. The defendant further agrees to waive:

any constitutional, legal, and equitable claim or defense to the forfeiture of assets in any judicial or administrative proceeding; any applicable time limits for administrative or judicial forfeiture proceedings; any claim or defense under the Excessive Fines Clause of the Eighth Amendment to the United States Constitution; the requirements of Rule 32.2, Federal Rules of Criminal Procedure; and any appeal of the forfeiture.

12 ~~11~~. The defendant is aware that the sentence has not yet been determined by the Court. The defendant also is aware that any estimate of the probable sentencing range or sentence that the defendant may receive, whether that estimate comes from the defendant's attorney, the government, or the probation office, is a prediction, not a promise, and is not binding on the government, the probation office or the Court. The defendant understands further that any recommendation that the government makes to the Court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the Court and the Court may disregard the recommendation in its entirety. The defendant understands and acknowledges, as previously acknowledged in paragraph 3 above, that the defendant may not withdraw his plea based upon the Court's decision not to accept a sentencing recommendation made by the defendant, the government, or a recommendation made jointly by both the defendant and the government.

13 ~~12~~. The defendant is aware that Title 18, United States Code, Section 3742 affords the defendant the right to appeal the sentence imposed in this case. Acknowledging this, in exchange for the undertakings made by the United States in this plea agreement, the defendant hereby waives all rights conferred by Section 3742 to appeal any sentence imposed, including any restitution order, or to appeal the manner in which the sentence was imposed, unless the sentence exceeds the maximum permitted by statute or is the result of an upward departure and/or a variance from the

guideline range that the Court establishes at sentencing. The defendant further understands that nothing in this agreement shall affect the government's right and/or duty to appeal as set forth in Title 18, United States Code, Section 3742(b). However, if the United States appeals the defendant's sentence pursuant to Section 3742(b), the defendant shall be released from the above waiver of appellate rights. By signing this agreement, the defendant acknowledges that he has discussed the appeal waiver set forth in this agreement with his attorney. The defendant further agrees, together with the United States, to request that the district Court enter a specific finding that the defendant's waiver of his right to appeal the sentence to be imposed in this case was knowing and voluntary.

14 ~~13~~. The defendant acknowledges and agrees that, pursuant to the Sex Offender Registration and Notification Act, Title 18, United States Code, Section 2250 and Title 34, United States Code, Sections 20911(3) and 20915(a)(2), he is required to register as a sex offender for a minimum period of 25 years, and to keep the registration current in jurisdictions where the defendant resides, is employed, and is a student.

15 ~~14~~. The defendant acknowledges that he has fully discussed the matters of this plea agreement and his guilty plea pursuant thereto with his attorney, and that his attorney has answered each of his questions about the strength of the government's case as well as the following rights: to go to trial; to cross-examine the government's witnesses; to testify on his own behalf; to not be compelled to provide self-incriminating testimony; to call witnesses for the defense; and, to appeal any adverse verdict that may result from a trial. The defendant further acknowledges that he is fully satisfied with the representations provided by his attorney.

16 ~~15~~. This is the entire agreement and understanding between the United States and the defendant. There are no other agreements, promises, representations, or understandings.

JASON A. REDING QUIÑONES
UNITED STATES ATTORNEY

Date: 8/27/2026 By: ______________________
DWAYNE EDWARD WILLIAMS
ASSISTANT UNITED STATES ATTORNEY

A. TYSEN DUVA
ASSISTANT ATTORNEY GENERAL
U.S. DEPARTMENT OF JUSTICE,
CRIMINAL DIVISON

Date: 8/27/24 By: ______________________
ELIZABETH A. HUTSON
TRIAL ATTORNEY
U.S. DEPARTMENT OF JUSTICE
HUMAN RIGHTS AND SPECIAL
PROSECUTIONS SECTION

HECTOR A. DOPICO
FEDERAL PUBLIC DEFENDER

Date: 8/27/26 By: ______________________
CHRISTIAN DUNHAM
ASSISTANT FEDERAL PUBLIC DEFENDER

Date: 8/27/26 By: Brandon Sartor
BRANDON SARTOR
DEFENDANT