**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-20188-CR-RUIZ**

**UNITED STATES OF AMERICA,**

**Plaintiff,**

**v.**

**BRANDON SARTOR,**

**Defendant.**
**________________________________/**

## SENTENCING MEMORANDUM AND REQUEST FOR VARIANCE

Comes now, the defendant, BRANDON SARTOR and hereby files this sentencing memorandum and request for downward variance. The defense respectfully submits this document to aid the Court's determination of an appropriate sentence for Mr. Brandon Sartor (hereinafter "Mr. Sartor"). This memorandum is a request for a variance, pursuant to *United States v. Booker*, 553 U.S. 220 (2005), below the bottom of the United States Sentencing Guidelines. The factors delineated in 18 U.S.C. § 3553(a) provide the Court with a basis to sentence Mr. Sartor to below the bottom of his guidelines range.

The defense seeks a sentence "sufficient but not greater than necessary" to accomplish the stated goals [in §3553(a) (2)]. There is "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct" [§3553(a) (6)], and the need "to promote respect for the law,

and to provide just punishment for the offense" [§3553(a) (2) (A)]. *United States v. Ranum*, 353 F.Supp.2d at 987 (E.D.Wisc. 2005). Reasonableness is the over-arching factor to determine a sentence, and the guidelines are only one element of determining what is reasonable. *Kimbrough v. United States*, 552 U.S. 85, 90 (2007).

The standards governing departures do not bind a district court when employing its discretion with respect to variances. *United States v. Chase*, 560 F.3d 828 (8th Cir. 2009). Courts have reduced sentences by up to a third and this has been found reasonable. *United States v. Jenkins*, 537 F.3d 1(1st Cir. 2008). Up to an eight-level departure downward from the guidelines has been deemed reasonable. *United States v. Menyweather*, 431 F.3d 692 (9th Cir. 2005).

The defendant hereby requests a downward variance based on (a) his having accepted responsibility in both state and federal court for related offenses; (b) his already imposed state sentence of twelve (12) years imprisonment; (c) his history of medical issues documented at paragraphs 93 through 99 of the Presentence Investigation Report; and (d) his history of substance abuse documented at paragraphs 100 through 103 of the Presentence Investigation Report.

First, Mr. Sartor asks the Court to consider that within a span of less than four (4) months he pled guilty in both state and federal court to related offenses. On May 22, 2026, Mr. Sartor accepted responsibility in state court for an armed robbery he committed with Victim 1 in the present indictment and was sentenced to twelve (12) years in state prison. (PSI ¶ 74). In fact, the arrest in the armed robbery was in

essence what started the sexual trafficking investigation leading to the instant indictment.

Moreover, the Court should consider his extremely timely acceptance of responsibility in this federal case. He made his initial appearance on June 25, 2026 (DE 14) and accepted responsibility on August 27, 2026 (DE 26) - a period of just more than two months. Accordingly, the Court should consider a variance for extra or super acceptance of responsibility by the defendant. His acceptance in both courts saved judicial resources by avoiding lengthy and expensive trials.

The defendant believes the circumstances surrounding the disposition of his state court case is also worthy of consideration as grounds for a downward variance. As part of his plea agreement with the State of Florida on May 22, 2026 in Case No. F25-7938B (PSI ¶ 74), the State of Florida nolle prossed Case No. F25-16957 (PSI ¶ 80) containing the same allegations as the instant indictment relating to Victim 1. Moreover, the indictment (DE 1) was returned on May 10, 2026, just twelve days prior to the defendant accepting a plea agreement in State Court for the same allegations. By having the State Attorney's Office nolle pros Case No. F25-16957, the government was able to follow the Department of Justice "petite policy" concerning dual prosecutions. Had Mr. Sartor entered into a guilty plea on the human trafficking allegations concerning VICTIM 1 in state court, the United States government would likely not have been able to prosecute him for count one (VICTIM 1) of the indictment under the "petite policy."

Defense counsel has conferred with the defendant's state lawyer, who confirmed that he was not made aware of the federal indictment at the time of the May 22, 2026, plea agreement. Furthermore, Mr. Sartor's state defense lawyer advised that on May 22, 2026, he fully expected Mr. Sartor to enter into a guilty plea on both F25-7938B and F25-16957. However, on the morning of the change of plea, the Assistant State Attorney advised him shortly prior to the hearing that she would be nolle prossing Case No. F25-16957 as part of the plea agreement. The defendant's state lawyer advised that this came as a surprise to both he and his client.

Without VICTIM 1 in the federal indictment and plea agreement, the defendant would not have been subject to the +2 groupings under §3D1.4 and would have been at an offense level **35** instead of **37**. Furthermore, had the defendant known about the federal indictment, he may have made a different decision about accepting the state plea offer and may not have the conviction in state Case No. F25-7938B (PSI ¶ 74) and subsequent additional three criminal history points in this draft PSI.

Lastly, Mr. Sartor prays for the Court to consider his long and documented history of both mental health and substance abuse issues as grounds for a downward variance. Mr. Sartor needs treatment for both his mental health and his substance abuse. A sentence under the applicable guideline range followed by supervision will afford him a better opportunity to receive the necessary treatment while still deterring him, punishing him, promoting respect for the law, and providing just punishment.

For all of the above reasons, Mr. Sartor asks this Court to vary downward and sentence him to fifteen (15) years in prison followed by supervision concurrent with his previously imposed sentence in Case #F25-7938B.

**HECTOR A. DOPICO**
**FEDERAL PUBLIC DEFENDER**

By: *_/s/ Christian Dunham_*
Assistant Federal Public Defender
Florida Bar No.: 146587
150 W. Flagler Street, Suite 1700
Miami, Florida 33130-1556
Tel: (305) 533-4177
E-mail: christian_dunham@fd.org

**CERTIFICATE OF SERVICE**

I HEREBY certify that on November 13, 2026, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notices of Electronic Filing.

*/s/ Christian Dunham*